UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 SEP 10 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES PAUL KASHUBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 01-B-0067-S |
| ) | |
| CITY OF ADAMSVILLE; et al., ) | **ENTERED** |
| ) | SEP 10 2002 |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the court on defendants' motion to exclude testimony from plaintiff's proposed expert, Belinda Weldon. (Doc. 20.) Defendants argue that Weldon is not qualified to testify as an expert in the area of the appropriate use of force by police officers, and her opinions are not based on the application of reliable principles and methods or sufficient facts or data. Also, defendants contend that Weldon's opinion testimony should be excluded as confusing and misleading. Plaintiff disputes these contentions and opposes the motion to strike. (Doc. 22.) Upon consideration of the record, the memoranda of the parties, and the argument of counsel, the court is of the opinion that the proposed testimony of Weldon is due to be excluded from the trial of this case.

38

## FACTUAL SUMMARY

### A. Qualifications of Belinda Weldon

The record before the court indicates that Weldon completed a seven-week course at the police academy in Tuscaloosa, Alabama in 1983. (Doc. 20, Ex. 3 at 2-3.)[1] Thereafter she worked as a police officer. (*Id.* at 2.) She graduated from the University of Alabama at Birmingham in 1988 and law school in 1995. (*Id.*) She is currently a practicing attorney in Birmingham, Alabama. (*Id.* at 1.)

According to her deposition testimony, Weldon has testified as an expert on the issue of "standardized field sobriety testing." (*Id.* at 7.) She has testified for the prosecution while working as an instructor in the police department, and she has testified as a hired expert on the issue of field sobriety tests on behalf of the defense in one other proceeding. (*Id.* at 7-8.) She has not testified as an expert in the use of force by police officers. Weldon has published three articles in the publication of the Alabama Peace Officers Association – one on domestic violence, one on gangs, and one on "plain feel."[2] (*Id.* at 4-5.) She has not written any articles on use of force by police officers and she has no specialized training on use of force beyond her training as a police officer.

---

[1] Citations to Weldon's deposition testimony are cited to the page numbers of the exhibit containing her deposition excerpts as the deposition page number do not appear on the copies filed with the court.

[2] Plaintiff testified that "plain feel" was "like plain view in a search warrant." (Doc. 20, Ex. 3 at 5.)

2

**B. The Expert Report and Proposed Testimony of Weldon**

In her report, Weldon stated:

[I]t is my opinion that standard police procedures that are taught in mandated state training academies were not followed and that officers involved used excessive force, which could be deemed as deadly force under Title 13A-1-2(10) of the Code of Alabama [1975], when Mr. Kashuba was non-cooperative by refusing to surrender personal items at the Adamsville City Jail. This is further demonstrated when Mr. Kashuba was verbally abusive to the officers inside the hospital and was forcibly removed outside the hospital, outside the view of any civilian witnesses, and sprayed point blank with chemical spray (i.e. mace). Not only was the force used against Mr. Kashuba excessive and in violation of his state and constitutional rights as well as his civil rights, but Mr. Kashuba was criminally victimized by the offending officers.

(Doc. 20, Exh. 1 at 2.) The report also contains six pages of statements regarding the use of force by police officers. (*See* doc. 11, attachment.) These pages are not titled[3] and there is no indication of the resources used by Weldon to prepare these statements. (*Id.*) She testified that she had not reviewed any deposition testimony, the police reports, plaintiff's complaint, or plaintiff's criminal history. (Doc. 20, Exh. 3 at 9-10.) She did not interview plaintiff. (*Id.* at 10.) Nothing in the record indicates that Weldon reviewed the policies of the Adamsville Police Department or any other information regarding training on the use of force by the Adamsville Police Department.

Moreover, Weldon's report does not indicate several of the elements required by Fed. R. Civ. P. 26(a)(2)(B). The report does not indicate Weldon's qualifications, it does not

---

[3]There are numerous sub-headings throughout the document, including: "Use of Force Generally;" "Requirements for Use of Force;" "Application of Force;" "No Obligation to Retreat;" "Use of Deadly Force;" "Officer's Emotions Dictating Use of Force;" "Disparity of Force;" "Non-Cooperative Subject;" and "Techniques for Dealing with Non-Cooperative Subjects." (Doc. 11, attachment.)

3

indicate the source of the information she considered,[4] it does not list her publications, it does not indicate her compensation, and it does not list all cases in which she has testified as an expert – at trial or deposition – within the last four years.

## DISCUSSION

Based on the court's review of the record and consideration of the arguments of counsel, the court finds that Weldon's expert opinion testimony is due to be excluded because (1) plaintiff has not demonstrated that Weldon is qualified to offer an expert opinion on the use of force by police officers; (2) the facts and data relied upon by Weldon in forming her opinions are not of the type reasonably relied upon by experts in the particular field; and (3) the opinions offered by Weldon are within the knowledge of the ordinary juror.

### A.   QUALIFICATIONS

Plaintiff has offered Weldon as an expert in this case; therefore, plaintiff must prove, by a preponderance of the evidence, that Weldon's opinion testimony is admissible. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993) (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness ***qualified as an expert by knowledge, skill, experience, training, or education***, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of

---

[4]During her deposition, Weldon testified that she, in fact, had not reviewed any information regarding the circumstances surrounding the plaintiff's claims and that she had relied completely on plaintiff's attorney's version of the facts. (Doc. 20, Exh. 3 at 9-11.)

reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R Evid. 702 (emphasis added). Rule 26(a)(2)(B) requires an expert witness to include her qualifications in the expert report.[5] "To warrant or permit the use of expert testimony, two conditions must be met; first, the subject matter must be closely related to a particular profession, business or science and not within the common knowledge of the average layman; second, the witness must have such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *Faircloth v. Lamb-Grays Harbor Co., Inc.* 467 F.2d 685, 694 (5th Cir. 1972).[6]

Plaintiff contends that Weldon is "an expert on the use of excessive force by the police" based on her experience as a Birmingham Police officer, and her instruction at the police academy. (Doc. 22 at 1.) From the record, the court determines that Weldon attended a seven-week training course at the police academy. She was employed as a police officer

---

[5]Fed. R. Civ. P. 26(a)(2)(B) states:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Rule 26(a)(2)(B) requires an expert witness to include her qualifications in the expert report.[5] "To warrant or permit the use of expert testimony, two conditions must be met; first, the subject matter must be closely related to a particular profession, business or science and not within the common knowledge of the average layman; second, the witness must have such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *Faircloth v. Lamb-Grays Harbor Co., Inc.* 467 F.2d 685, 694 (5th Cir. 1972).[6]

Plaintiff contends that Weldon is "an expert on the use of excessive force by the police" based on her experience as a Birmingham Police officer, and her instruction at the police academy. (Doc. 22 at 1.) From the record, the court determines that Weldon attended a seven-week training course at the police academy. She was employed as a police officer

---

[5]Fed. R. Civ. P. 26(a)(2)(B) states:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

for a number of years and, during some portion of that time, she was an instructor on field sobriety tests. She has not published any articles on the use of force and nothing in the record indicates that she had any specialized training or experience evaluating the use of force by police officers.

Therefore, the court finds that plaintiff has not demonstrated that Weldon is qualified, based on her "knowledge, skill, experience, training, or education,"[7] to give an opinion regarding the use of force by defendants in this case. *Compare Pena v. Leombruni*, 200 F.3d 1031. 1034 (7th Cir. 1999), *with Berry v. City of Detroit*, 25 F.3d 1342, 1349-50 (6th Cir. 1994).

## B. FACTS OR DATA RELIED UPON IN FORMING EXPERT OPINION

Both Rule 702 and Rule 703 require that an expert base her opinion testimony on "facts or data." Rule 702 requires that the opinion testimony be based on "sufficient facts or data," Fed. R. Evid. 702;" Rule 703 requires that the opinion testimony be based on facts and data "of a type reasonably relied upon by experts in the particular filed in forming opinions or inferences upon the subject," Fed. R. Evid. 703. "Without an underlying basis of support, the 'expert's' opinion is only one of many possible theories and interpretations of the facts at issue, and is no more or less helpful than the trier of fact's own reading of the evidence." *Browder v. General Motors Corp.*, 5 F. Supp. 2d 1267, 1283 (M.D. Ala. 1998).

---

[7] Fed. R. Evid. 702.

6

The record is clear that Weldon's opinion is based on the facts as related to her by plaintiff's attorney. She reviewed no other evidence, and she conducted no independent review. The plaintiff's attorney's version of the events is not "sufficient facts or data" to support Weldon's opinion; moreover, his version is not facts or data "of a type reasonably relied upon" by experts on the use of force by police officers. The court finds that Weldon's exclusive reliance on the statement of plaintiff's counsel is particularly unreasonable given her access to deposition testimony, police reports, and other evidence.

Indeed, plaintiff has implicitly conceded that Weldon's opinion testimony was not based on sufficient facts or a type reasonably relied upon by other experts. In his opposition to defendants' motion to strike, plaintiff contends:

> Plaintiff affirmatively states that Mrs. Weldon's expert testimony *will* be based on sufficient facts [or] data that has already been provided to her by Plaintiff's attorney. In addition, Mrs. Weldon *will* thoroughly review the depositions of Officers Henderson and Carmichael and Plaintiff Kashuba, the week of the 28th of January 2002. Prior to the taking of Mrs. Weldon's deposition by the defense, Plaintiff's attorney informed Mrs. Weldon of the facts and circumstances surrounding this case, along with the position asserted by Defendants . . . . Throughout the fall, 2001, Mrs. Weldon was engaged in extensive trial and appellate work throughout the State of Alabama. Mrs. Weldon was on vacation December 5, 2001 to January 4, 2002. Therefore, she has not devoted a great deal of time to the preparation of this case. However, Mrs. Weldon *will* be prepared to testify as an expert on the use of force both excessive and otherwise, by a police officer, based on training and vast years of experience in the field working as a Birmingham Police Officer.

(Doc. 22 at 3 (emphasis added).) The court refers plaintiff's counsel to the requirements of Fed. R. Civ. P. 26(a)(2), which require that the expert opinions be complete and based on

sufficient, reliable facts at the time disclosures are made pursuant to Rule 26 and the court's scheduling order.

From the record, the clear conclusion regarding Weldon's proposed testimony is that, as of the deadline for designating expert witnesses and the preparation of the expert's report, Weldon had not reviewed and considered relevant facts and data that were available to her for purposes of forming her opinion. The opinion testimony before the court, Weldon's report, is not based on sufficient facts or data, and the factors and data she relied upon in forming her opinion – the plaintiff's attorney's version of the events – is not the type of facts and data reasonably relied upon by experts in the same field.

Therefore, the court finds that Weldon's opinion testimony is due to be excluded.

## C. ASSIST THE TRIER OF FACT

Another ground for excluding the expert opinion testimony of Weldon is that her testimony will not assist the trier of fact. According to the version of the events at issue, as set forth in Weldon's expert report, defendant officers "slammed [plaintiff] head first into a concrete floor" when he was non-cooperative and verbally abused the officers. Defendant officers took plaintiff to the hospital and, when he was verbally abusive at the hospital, they removed him and sprayed him with mace. Defendants' version of the incident, according to the deposition testimony of Keith Henderson, indicates that he took plaintiff down when plaintiff started running toward another officer. (Doc. 20, Ex. 2 at 29.) Plaintiff hit his head during the take down; Henderson took him to the hospital. At the hospital, plaintiff "became agitated [and] came out of the bed." (*Id.* at 32.) Henderson testified that plaintiff charged

him with his hand-cuffed hands over his head. (*Id*. at 33.) Henderson sprayed plaintiff with pepper spray, outside the hospital at the request of a nurse, to subdue him. (*Id*. at 33-35.)

"[T]he general rule is . . . that expert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Salem v. U. S. Lines Co.*, 370 U.S. 31, 35 (1962)(quoting *United States Smelting Co. v. Parry*, 166 F. 407, 411, 415 (10th Cir. 1909))(internal citations and quotations omitted).

Plaintiff contends that defendants exercised excessive force against him during his arrest and booking proceedings. The Fourth Amendment, applicable to the states through the Fourteenth Amendment, prohibits a law enforcement officer from employing unreasonable force in the course of a lawful arrest, investigatory stop, or other "seizure" of a free citizen. *See Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000)(citing *Graham v. Connor*, 490 U.S. 386, 394-95, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443(1989)). Whether defendants exercised a degree of force that was unreasonable, under the circumstances as found by the trier of fact, is within the lay competence of the trier of fact and, thus, not likely to "'assist' the trier of fact." *See Pena v. Leombruni*, 200 F.3d 1031, 1034 (7th Cir. 1999), *cited in McCloughan v. City of Springfield*, 208 F.R.D. 236, 239-40 (C.D. Ill. 2002)("[T]he Court does not believe that a jury needs an expert witness to tell them

9

that it is improper – under proper police procedure or even common decency – to kick someone in the head when he is being restrained on the ground. If the jury were to find that Patterson did this, the Court is confident that it would also find this conduct to be reprehensible and would render a verdict accordingly without the necessity of hearing from an expert to tell them that this conduct was improper." (citations omitted)).

Likewise, this court finds that Weldon's opinion – that defendants exercised excessive force under the circumstances outlined by the plaintiff – is within the competence of the average juror. The court finds that a reasonable trier of fact is "capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Salem*, 370 U.S. at 35. Therefore, Weldon's expert opinion testimony is due to be excluded as not assisting the trier of fact.

## CONCLUSION

Based on the foregoing, the court is of the opinion that the expert opinion testimony of Belinda Weldon, offered by plaintiff, is due to be excluded. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 9th day of September, 2002.

**SHARON LOVELACE BLACKBURN**
United States District Judge